```
 1  ROBERT L. McKENNA III, ESQ.
    (Nevada Bar No. 8853)
 2  KEVIN R. LAZAR, ESQ.
    (Nevada Bar No. 9610)
 3  CARROLL, KELLY, TROTTER, FRANZEN,
    McKENNA & PEABODY
 4  701 N. Green Valley Parkway, Suite 200
 5  Henderson, Nevada 89074
    E-mail: rlmckenna@cktfmlaw.com
 6  E-mail: krlazar@cktfmlaw.com
 7  Telephone No. (702) 792-5855
    Facsimile No. (702) 796-5855
 8
    Attorneys for Defendants:
 9  THEODORE MOORE, BERKLEY BROWN
    d/b/a UCLA DEPT. OF PEDIATRICS GRP
10  PRACTICE AND THE REGENTS OF THE
    UNIVERSITY OF CALIFORNIA, UCLA LOS
11  ANGELES CHILDREN'S MATTEL
12
```

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT JOHNSON, CHRISTINE JOHNSON; CHAD JOHNSON; CHRISTINE JOHNSON, REPRESENTING DEREK BRYCE JOHNSON, DECEASED,<br><br>                    Plaintiffs,<br><br>vs.<br><br>JONATHAN BERNSTEIN; ALAN IKEDA; JENNIFER BUITRAGO-IKEDA; WENDY DAHL; ANNETTE LOGAN; SAMUEL ESPARZA; JEREMY LOGAN; MARY WARREN, d/b/a CHILDREN'S SPECIALTY CENTER OF NEVADA; JONATHAN BERNSTEIN, LTD.; NDHINA NHLANE; LISA JOHNSON; FARAZ NOROZIAN; CHARLES HUGHES; MARC O'CONNOR; SUNRISE HOSPITAL AND MEDICAL CENTER LLC; ST. ROSE DOMINICAN HOSPITAL SIENA CAMPUS d/b/a CATHOLIC HEALTHCARE WEST; MICHAEL SCHEIDLER, ROBERT KNOBLOCK OF LABORATORY MEDICAL CONSULTANTS, LTD; THEODORE MOORE, BERKLEY BROWN d/b/a UCLA DEPT. OF PEDIATRICS GRP | CASE NO. 2:13-cv-00641-MMD-NJK |

1 | PRACTICE and The REGENTS OF THE UNIVERSITY OF CALIFORNIA, UCLA LOS ANGELES CHILDREN'S MATTEL; SUMMERLIN HOSPITAL MEDICAL CENTER LC; that treated and/or received any compensation of Derek Bryce Johnson from December 15, 2008 thru December 6, 2011 at 6:35 PM PST, Death,

Defendants.

## DEFENDANTS THEODORE MOORE, BERKLEY BROWN d/b/a UCLA DEPT. OF PEDIATRICS GRP PRACTICE AND THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, UCLA LOS ANGELES CHILDREN'S MATTELS' MOTION TO CONTINUE DISCOVERY DEADLINES

### (FIRST REQUEST)

COME NOW, Defendants THEODORE MOORE, BERKLEY BROWN d/b/a UCLA DEPT. OF PEDIATRICS GRP PRACTICE AND THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, UCLA LOS ANGELES CHILDREN'S MATTEL (hereinafter "MOVING DEFENDANTS"), by and through their attorneys of record the law offices of Carroll, Kelly, Trotter, Franzen, McKenna & Peabody, and hereby file this Motion to Continue Discovery Deadlines (first request) pursuant to LR 6-1, and LR 26-4.

///
///
///
///
///
///
///

This is the first request made to continue discovery deadlines. There is no currently pending trial date.

Dated this 05 day of February, 2014.

                      CARROLL, KELLY, TROTTER, FRANZEN,
                      McKENNA & PEABODY

                      By: _____
                      ROBERT L. McKENNA III, ESQ.
                      Nevada Bar No.: 8853
                      KEVIN R. LAZAR, ESQ.
                      Nevada Bar No.: 9610
                      701 N. Green Valley Parkway, Suite 200
                      Henderson, Nevada 89074
                      Attorneys for Defendants
                      THEODORE MOORE, BERKLEY BROWN
                      d/b/a UCLA DEPT. OF PEDIATRICS GRP
                      PRACTICE AND THE REGENTS OF THE
                      UNIVERSITY OF CALIFORNIA, UCLA
                      LOS ANGELES CHILDREN'S MATTEL

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS

On April 16, 2013, Plaintiffs filed the Complaint in this matter, alleging various constitutional violations, which in actuality amount to allegations of medical malpractice and wrongful death against numerous Defendants, including DEFENDANTS THEODORE MOORE, BERKLEY BROWN d/b/a UCLA DEPT. OF PEDIATRICS GRP PRACTICE AND THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, and UCLA LOS ANGELES CHILDREN'S MATTEL'S (hereinafter "Moving Defendants").

As the Court is well aware, Moving Defendants are the only Defendants to have appeared in this matter at this time, by filing a Motion to Dismiss on October 14, 2013.

The Motion to Dismiss presents arguments that are dispositive of this matter. The Court has not yet set a date for that Motion to Dismiss to be heard. The Plaintiffs have not served a single Defendant with the Complaint.

On November 19, 2013, the Court issued Notice Regarding Intention to Dismiss (Plaintiff's Complaint) Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (Document 17). In that notice the Court stated that this action would be dismissed as to all remaining Defendants (who were not served with the Complaint), unless on or before December 19, 2013, the Plaintiffs filed proof of service on those parties, which service must have taken place prior to the expiration of the 120-day limit set forth in Fed.R.Civ.P. 4(m), or good cause was shown why such service was not made in that period.

On December 26, 2013, Plaintiff Christine Johnson filed an Emergency Brief Regarding the Dismissal, asking the Court to allow Plaintiffs more time to serve the remaining Defendants (Document 21). The Court granted Plaintiff's Request, finding that good cause exists to support Plaintiff's request for an extension of time for Plaintiff to effectuate service of process. (Document 22). It was therefore ordered that the deadline for Plaintiff to effectuate service of process on the remaining Defendants would be March 31, 2014.

Pursuant to LR 26-1(d), counsel for plaintiff shall initiate the scheduling of the Fed. R. Civ. P. 26(f) meeting within thirty (30) days after the first defendant answers or otherwise appears. UCLA Defendants filed a Motion to Dismiss on October 14, 2013. The Docket Text for that document (ECF. Doc. 13) stated that the Discovery Plan/Scheduling Order was due by November 28, 2013.

Plaintiff never contacted counsel for UCLA Defendants to conduct the required meeting. On November 26, 2013, the undersigned called the only contact number that is known for Plaintiff. Nobody answered and counsel left a voice mail for Plaintiff. Counsel again tried to reach Plaintiff on November 27, 2013, prior to individually filing the proposed Discovery Plan and Scheduling Order. Again, nobody answered, and again counsel left a voice mail for Plaintiff. In an effort to comply with the Court's Order, and both Local Rules and Federal Rules of Civil Procedure, Moving Defendants unilaterally submitted a proposed Discovery Plan and Scheduling Order on November 27, 2013. The Court accepted and approved that Discovery Plan and Scheduling Order.

To date, the Plaintiffs have conducted no discovery and have not even produced an Initial Disclosure of Witnesses and Documents, as required pursuant to Fed. R. Civ. P. 26(a). Moving Defendant served Plaintiffs with their Initial Disclosure on January 08, 2014, providing all medical records in their possession related to the treatment of decedent. Plaintiffs have provided no documents or other information to the Moving Defendants.

Based on the foregoing, it would be very difficult and unreasonable to maintain the discovery deadlines as currently set forth. The Plaintiffs have until March 31, 2014, to effectuate service of process on the remaining Defendants. The current initial expert disclosure deadline is February 13, 2014, approximately one and one half months prior to that service deadline. Discovery is currently scheduled to close on April 14, 2014, fifteen days after the deadline for the remaining Defendants to be served. Further, Defendants who have appeared have filed a Motion to Dismiss the Complaint, which could prove

dispositive in this matter. That motion has not yet been heard, and has not yet been scheduled for hearing. Additionally, Plaintiffs have not even served the Moving Defendants with their initial disclosure of witnesses and exhibits as required pursuant to Fed. R. Civ. P. 26(a).

Because on the above reasons, the undersigned contacted Plaintiff Christine Johnson on Friday, January 31, 2014, to discuss whether Plaintiff would stipulate to continue the pending discovery deadlines. Please see Affidavit of Kevin Lazar, Esq., attached hereto as "**Exhibit A**." The undersigned explained to Ms. Johnson that a continuance was necessary because none of the other Defendants have been served in this case, and the new deadline to do so is March 31, 2014, approximately two (2) weeks before the close of discovery and two (2) weeks after the initial expert disclosure deadline. **Id.** Ms. Johnson agreed with the proposed continuance, and stated that she would agree to continue the dates as requested. **Id.** The undersigned offered to prepare a proposed stipulation and order to continue the discovery dates, to which Ms. Johnson agreed. **Id.** The undersigned offered to send the proposed stipulation and order to Ms. Johnson via her email, to which Ms. Johnson agreed. **Id.** In addition, the undersigned asked Ms. Johnson whether she was planning on serving her initial disclosure of witnesses and documents, and Ms. Johnson stated that she knew that she had to provide the disclosure, and that she was working on copying and/or scanning documents to provide them to Moving Defendants. **Id.**

On Monday, February 03, 2014, the undersigned sent the proposed stipulation and order to continue discovery to Ms. Johnson at her provided email address. Please see

email to Christine Johnson, attached hereto as "**Exhibit B**." The proposed stipulation and order to continue discovery (first request) is attached hereto as "**Exhibit C**."

On Tuesday, February 04, 2014, Ms. Johnson responded to the email, stating that she is now refusing to sign the proposed stipulation and order to continue discovery, because she did not like the wording of the proposed stipulation. Please see email from Christine Johnson dated February 04, 2014, attached hereto as "**Exhibit D**." Specifically, she was unhappy with the fact that the proposed stipulation was broken down into sections regarding: 1) discovery completed; 2) discovery that remains to be completed; and 3) the reasons why discovery not completed timely (or why an extension is being requested). **Id.** The email states that in the sections discussing discovery that has been completed, there is only mention of actions performed by Moving Defendants, and that this gives a "negative tone" to Plaintiffs, which she does not believe is necessary or appropriate. **Id.** Ms. Johnson then states that Moving Defendants are only seeking the discovery continuance "so that it is favorable for your clients" and that the proposed stipulation mentions several times that one of the reasons the continuance is requested is because Moving Defendants have a pending motion to dismiss. **Id.** Based on the same, Ms. Johnson stated that not only will she not agree to the previously agreed upon continuance (agreed upon Friday, January 31, 2014), but now she will oppose a request by Moving Defendants to continue discovery. **Id.**

In response to Plaintiff's email, the undersigned sent an email to Plaintiff stating that the Federal Rules of Civil Procedure require there to be a specific breakdown of what discovery has been done, what discovery needs to be done, and reasons why discovery

should be continued. Please see response email of the undersigned, dated February 04, 2014, attached hereto as "**Exhibit E**." In addition, the undersigned informed Plaintiff that a Motion to Continue Discovery Deadlines would be prepared and submitted instead of the proposed stipulation and order to continue discovery deadlines, and that the undersigned would make the Court aware of Plaintiff's refusal to agree to the same. **Id.**

Based on the foregoing, there is good cause to continue the discovery deadlines in this matter, so as to allow all Defendants to be served with process and appear in this action prior to the discovery deadlines passing. Further, a continuance would allow the Court to hear Defendants' Motion to Dismiss prior to the initial expert disclosure deadline. Lastly, the Plaintiffs have not conducted a single step in prosecuting their case, and have not even served Moving Defendants with an initial disclosure as required by Fed. R. Civ. P. 26(a). It is not possible for Moving Defendants to adequately defend this matter when the Plaintiffs have not provided them with any medical records of decedent, or any other information related to their claim other than that contained within the Complaint.

Further, it makes no sense for the parties to disclose expert witnesses when there are currently **nineteen** (19) Defendants whom Plaintiff has named in this action who have yet to be served. Plaintiff has been granted a continuance to serve those Defendants until March 31, 2014. Currently, the initial expert disclosure deadline is set for February 13, 2014, or one and one-half months prior to the date on which Plaintiffs must serve the remaining nineteen Defendants. The close of discovery is set for April 14, 2014, or two (2) weeks after the date on which Plaintiffs must serve the remaining nineteen Defendants.

Based on the foregoing, there are numerous important reasons to continue discovery in this case at this time.

## II. ARGUMENT

LR 6-1 discusses requests for discovery continuances, and the information required to be provided to the Court when requesting said continuance. It states:

> (b) Every motion or stipulation to extend time shall inform the Court of any previous extensions granted and state the reasons for the extension requested. A request made after the expiration of the specified period shall not be granted unless the moving party, attorney, or other person demonstrates that the failure to act was the result of excusable neglect. Immediately below the title of such motion or stipulation there shall also be included a statement indicating whether it is the first, second, third, etc., requested extension…

LR 26-4 discusses extensions of scheduled deadlines. It states:

> Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect. Any motion or stipulation to extend a deadline or to reopen discovery shall include:
> (a) A statement specifying the discovery completed;
> (b) A specific description of the discovery that remains to be completed;
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and,
> (d) A proposed schedule for completing all remaining discovery.

### A. Statement Specifying the Discovery Completed:

The following discovery has been completed by the parties:

| **Type of Discovery** | **Date Completed** |
|---|---|
| Defendants' Initial Disclosure | January 08, 2014 |

### B. Discovery That Remains To Be Completed:

a. Depositions of all percipient witnesses, including Plaintiffs;

    b. Depositions of decedent's treating medical providers;

    c. Defendants must subpoena and obtain all medical records of decedent, other than its own records;

    d. Initial expert and rebuttal disclosures;

    e. Depositions of any/all expert witnesses;

    f. Plaintiffs' initial disclosures;

    g. All written discovery.

**C. The Reasons Why the Discovery Remaining was Not Completed Within the Time Limits Set by the Discovery Order:**

Discovery remains open on this case, and no discovery deadlines have yet passed. The trial on this matter has not yet been scheduled. Discovery is currently set to close on April 14, 2014. The current initial disclosure deadline is February 13, 2014, and Rebuttal expert disclosures are due March 17, 2014.

As the Court is well aware, Defendants THEODORE MOORE, BERKLEY BROWN d/b/a UCLA DEPT. OF PEDIATRICS GRP PRACTICE AND THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, UCLA LOS ANGELES CHILDREN'S MATTEL, are the only Defendants to have appeared in this matter at this time. These Defendants have filed a Motion to Dismiss, presenting arguments that may be dispositive in this matter. The Court has not yet set a date for that Motion to Dismiss to be heard.

On November 19, 2013, the Court issued Notice Regarding Intention to Dismiss Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure (Document 17). In that notice the Court stated that this action would be dismissed as to all remaining Defendants (who were not served with the Complaint), unless on or before December 19, 2013, the Plaintiffs filed proof of service on those parties, which service must have taken place prior to the expiration of the 120-day limit set forth in Fed.R.Civ.P. 4(m), or good cause was

shown why such service was not made in that period.

On December 26, 2013, Plaintiff Christine Johnson filed an Emergency Brief Regarding the Dismissal, asking the Court to allow Plaintiffs more time to serve the remaining Defendants (Document 21). The Court granted Plaintiff's Request, finding that good cause exists to support Plaintiff's request for an extension of time for Plaintiff to effectuate service of process. (Document 22). It was therefore ordered that the deadline for Plaintiff to effectuate service of process on the remaining Defendants would be March 31, 2014.

Based on the foregoing, it would be very difficult and unreasonable to maintain the discovery deadlines as currently set forth. The Plaintiffs have until March 31, 2014, to effectuate service of process on the remaining Defendants. The current initial expert disclosure deadline is February 13, 2014, approximately one and one half months prior to that service deadline. Discovery is currently scheduled to close on April 14, 2014, fifteen days after the deadline for the remaining Defendants to be served. Further, Defendants who have appeared have filed a Motion to Dismiss the Complaint, which could prove dispositive in this matter. That motion has not yet been heard, and has not yet been scheduled for hearing. Additionally, Plaintiffs have not even served the Moving Defendants with their initial disclosure of witnesses and exhibits as required pursuant to Fed. R. Civ. P. 26(a).

There is good cause to continue the discovery deadlines in this matter, so as to allow all Defendants to be served with process and appear in this action prior to the discovery deadlines passing. Further, a continuance would allow the Court to hear

Defendants' Motion to Dismiss prior to the initial expert disclosure deadline. Lastly, the Plaintiffs have not conducted a single step in prosecuting their case, and have not even served Moving Defendants with an initial disclosure as required by Fed. R. Civ. P. 26(a). It is not possible for Moving Defendants to adequately defend this matter when the Plaintiffs have not provided them with any medical records of decedent, or any other information related to their claim other than that contained within the Complaint.

Further, it makes no sense for the parties to disclose expert witnesses when there are currently **nineteen** (19) Defendants whom Plaintiff has named in this action who have yet to be served. Plaintiff has been granted a continuance to serve those Defendants until March 31, 2014. Currently, the initial expert disclosure deadline is set for February 13, 2014, or one and one-half months prior to the date on which Plaintiffs must serve the remaining nineteen Defendants. The close of discovery is set for April 14, 2014, or two (2) weeks after the date on which Plaintiffs must serve the remaining nineteen Defendants. Based on the foregoing, there are numerous important reasons to continue discovery in this case at this time.

### D. A Proposed Schedule for Completing all Remaining Discovery:

Moving Defendants hereby request that the current discovery dates be continued, including:

| | |
|---|---|
| Amend parties/Initial expert disclosure date: | From 02/13/14, to 11/13/14 |
| Rebuttal expert disclosure date: | From 03/17/14 to 12/15/14 |
| Close of Discovery: | From 04/14/14 to 01/14/15 |
| Dispositive Motion date: | From 05/14/14 to 02/16/15 |

Moving Defendants believe that these new proposed deadlines will allow the parties to conduct discovery and prepare this matter for trial, as well as allow the

remaining nineteen (19) defendants who have yet to be served appear and prepare this case for trial.

### The current trial date:

There is no currently pending trial date on this matter.

**E. Said request is not being made for purpose of unduly delaying discovery or the trial, and any delay in seeking this continuance was due to excusable neglect.**

The initial expert disclosure deadline in this matter is currently scheduled for February 13, 2014. This Motion is being filed on February 05, 2014, which is less than twenty-one (21) days before that deadline. The delay in filing this Motion is due to excusable neglect, namely that Moving Defendants' counsel has been waiting for Plaintiffs' initial disclosure of documents, for the remaining nineteen (19) defendants to be served the Complaint, and for the Court to schedule and hear arguments on the Motion to Dismiss, thereby hoping to preclude the need for the filing of this Motion. This Motion is being submitted at this time in good faith, and to allow the parties (including the yet to be served defendants) time to diligently and adequately conduct discovery prior to trial. As discussed above, there is no currently pending trial date, and good cause exists to continue all discovery deadlines at this time.

///

///

///

///

///

///

- 13 -

### III.  CONCLUSION

Based on the foregoing, good cause exists to continue the currently scheduled discovery deadlines in this matter as set forth above.

Dated this  05  day of February, 2014.

                                                 CARROLL, KELLY, TROTTER, FRANZEN,
                                                 McKENNA & PEABODY

                                                 By: _____
                                                 ROBERT L. McKENNA III, ESQ.
                                                 Nevada Bar No.: 8853
                                                 KEVIN R. LAZAR, ESQ.
                                                 Nevada Bar No.: 9610
                                                 701 N. Green Valley Parkway, Suite 200
                                                 Henderson, Nevada 89074
                                                 Attorneys for Defendants
                                                 THEODORE MOORE, BERKLEY BROWN
                                                 d/b/a UCLA DEPT. OF PEDIATRICS GRP
                                                 PRACTICE AND THE REGENTS OF THE
                                                 UNIVERSITY OF CALIFORNIA, UCLA
                                                 LOS ANGELES CHILDREN'S MATTEL

### ORDER

IT IS SO ORDERED this  6th  day of  February , 2014.

_____
UNITED STATES MAGISTRATE JUDGE

- 14 -