|   |   |
|---|---|
| 1 |   |
| 2 |   |

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT JOHNSON, et al., | Case No. 2:13-cv-00641-MMD-NJK |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| vs. | Motion to Quash - Dkt. # 78 |
| JONATHAN BERNSTEIN, et al., | Motion to Dismiss - Dkt. # 79 |
| Defendants. | Non-Opposition - Dkt. # 97 |

This matter was referred to the Court by Local Rule IB 1-9. Before the Court is nominal Defendant Michael Scheidler, M.D.'s ("Scheidler") Motion to Quash Improper Service Attempt, Docket No. 78, and Motion to Dismiss for Failure to State a Claim, Docket No. 79. Scheidler has not filed an answer or a motion for summary judgment in this matter. *See generally*, Docket.

On May 2, 2014, *pro se* Plaintiff Christine Johnson filed a Non-Opposition to Motion to Quash Improper Service Attempt and Motion to Dismiss for Failure to State a Claim. Docket No. 97. Plaintiff explains that she named Scheidler as a defendant in error, and requests "that the claim against Michael Scheidler be withdrawn." *Id.* at 2.

The Court liberally construes Plaintiff's filing. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) (acknowledging that courts must construe *pro se* motions and pleadings liberally). Accordingly, the Court construes Plaintiff's filing as a Notice of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

Federal Rule of Civil Procedure 41(a)(1)(A) states, in relevant part:

> [T]he plaintiff may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]

Fed. R. Civ. P. 41(a)(1)(A).

It is well settled that under Fed. R. Civ. P. 41(a)(1)(A), "a plaintiff has an absolute right to voluntarily dismiss [her] action prior to service by the defendant of an answer or a motion for summary judgment." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). A "district court has no role to play once a notice of dismissal under Rule 41(a)(1) is filed. The action is terminated at that point, as if no action had ever been filed." *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 1999 193 F.3d 1074, 1080 (9th Cir. 1999); *see also Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993) ("Th[e] [filing of notice] itself closes the file. ... This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone.") (quoting *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir.1963)).

Because the dismissal is effective on filing and no court order is required, "[t]he filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice." *Wilson*, 111 F.3d at 692. The effect is to "leave[ ] the parties as though no action had been brought." *Id.* at 693.

## RECOMMENDATION

Based on the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's filing (Docket No. 97) be construed as a Notice of Dismissal regarding nominal Defendant Michael Scheidler pursuant to Fed. R. Civ. P. Rule 41(a)(1)(A), and that the Motion to Quash (Docket No. 78) and Motion to Dismiss (Docket No. 79) be **DENIED** as moot.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also

held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: May 7, 2014.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE