**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

SCOTT JOHNSON, et al.,

                Plaintiffs,

vs.

JONATHAN BERNSTEIN, et al.,

                Defendant.

Case No. 2:13-cv-00641-MMD-NJK

ORDER DENYING JOINDER
AND STAY
(Docket Nos. 111 and 112)

Pending before the Court is Defendant Jonathan Bernstein and Plaintiff Christine Johnson's joinder to the Court's Scheduling Order at Docket No. 20. Docket No. 111. Also pending before the Court is Defendant Alan Ikeda's joinder to Plaintiff Christine Johnson and Defendant Bernstein's joinder. Docket No. 112. The parties also request a stay of discovery pending resolution of Defendant's motion to quash service of process and motion to dismiss. Docket Nos. 111 and 112. For the reasons stated herein, the joinders and requests for stay are **DENIED** without prejudice.

**A.     Plaintiff Christine Johnson's Representation of Other Plaintiffs**

Initially, the Court notes that the first joinder names Plaintiff Christine Johnson as "Attorney for Plaintiffs." Docket No. 111, at 5. Plaintiff Christine Johnson, however, is not an attorney and, as such, may not represent anyone other than herself in the instant case. "It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)*; citing McShane v. United States,* 366 F.2d 286, 288 (9th Cir.1966) (citation omitted).

This Court has already warned Plaintiff Christine Johnson that she may represent only herself in this case. Docket No. 7, at 1. The other Plaintiffs in this case must either represent themselves or file a notice of counsel who will represent them if they intend to remain in the case. Continued violation of the Order

that Plaintiff Christine Johnson may not represent anyone other than herself - and most certainly may not hold herself out as attorney for others - may result in sanctions.

**B.    Joinder to Scheduling Order**

Plaintiff Christine Johnson and Defendant Bernstein ask for joinder with the prior scheduling order entered by the Court, at Docket No. 20.  Docket No. 111.  Defendant Ikeda asks for joinder with Plaintiff Christine Johnson and Defendant Bernstein's joinder.  Docket No. 112.  However, in the scheduling order previously issued by the Court, discovery closed on April 14, 2014.  Docket No. 20, at 3.  Further, the expert, rebuttal expert, and dispositive motion deadlines have all expired.  *Id*.  No requests to extend any of these deadlines were ever filed with the Court.  *See* Docket.  Additionally, only one Plaintiff and two Defendants filed joinders to the proposed joint discovery plan, leaving other Plaintiffs and Defendants in this case who have never entered into a proposed joint discovery plan.

**C.    Stay of Discovery**

Within their joinder, Plaintiff Christine Johnson and Defendant Bernstein propose that initial disclosures should be made 14 days after the Court rules on Defendant's pending motion to quash and motion to dismiss.  Docket No. 111, at 2.  Plaintiff Christine Johnson and Defendant also ask this Court to stay all discovery pending the Court's ruling on Defendant's two pending motions.  *Id*., at 3.  Defendant Ikeda makes the same requests of the Court, asking for a stay until the Court rules on his motion to dismiss and partial joinder to Defendant Sunrise Hospital's motion to dismiss.  Docket No. 112, at 2, 3.  The pendency of a motion to dismiss alone, however, does not in itself stay discovery deadlines.  *See, e.g., Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500 (D. Nev. 2013) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending").  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D 597, 600 (D. Nev. 2011) (same).  "It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be stayed."  *Tradebay*, 278 F.R.D. at 601.  "A showing that discovery may involve some inconvenience and expense does not establish good cause for issuance of a stay."  *Id*.  Conclusory statements regarding the benefit of a stay are plainly insufficient.  *Id*. at 601-02.  In order to

2

meet this requirement, the movant must, as a threshold matter, establish that the "pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought." *Id*. Here, Plaintiff Christine Johnson and Defendants Bernstein and Ikeda have failed to make the required showing for the Court to grant a stay of discovery, and parties cannot unilaterally delay discovery without Court approval. *See* LR 6-1 and LR 7-1. If any of the Plaintiffs and/or Defendants wish to delay or extend deadlines, they must seek a stay of discovery citing the correct standards, or a deadline extension from the Court.

Accordingly, having reviewed and considered the matter and for good cause appearing therefore,

**IT IS ORDERED:**

1.     The joinders (Docket Nos. 111 and 112) are **DENIED**.

2.     All Plaintiffs in this case and all Defendants who are not subject to the scheduling order at Docket No. 20 must submit a joint proposed discovery plan no later than June 9, 2014.

3.     Plaintiff Christine Johnson and Defendant Bernstein and Ikeda's proposed stay of discovery, pending a ruling on Defendant Bernstein's motion to quash and motion to dismiss and Defendant Ikeda's motion to dismiss and partial joinder to Defendant Sunrise Hospital's motion to dismiss, is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED this 2nd  day of June, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge