1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

7   SCOTT JOHNSON, et al.,                    )
8                          Plaintiffs,        )   Case No. 2:13-cv-00641-MMD-NJK
                                              )
9   vs.                                       )   **AMENDED** ORDER DENYING
                                              )   JOINDER AND STAY
10  JONATHAN BERNSTEIN, et al.,               )   (Docket Nos. 111 and 112)
                                              )
11                         Defendant.         )
                                              )
12  _____ )

13        Pending before the Court is Defendant Jonathan Bernstein and Plaintiff Christine Johnson's joinder

14  to the Court's Scheduling Order at Docket No. 20.  Docket No. 111.  Also pending before the Court is

15  Defendant Alan Ikeda's joinder to Plaintiff Christine Johnson and Defendant Bernstein's joinder.  Docket

16  No. 112.  The parties also request a stay of discovery pending resolution of Defendant's motion to quash

17  service of process and motion to dismiss.  Docket Nos. 111 and 112.  For the reasons stated herein, the

18  joinders and requests for stay are **DENIED** without prejudice.

19  **A.    Plaintiff Christine Johnson's Representation of Other Plaintiffs**

20        Initially, the Court notes that the first joinder names Plaintiff Christine Johnson as "Attorney for

21  Plaintiffs."  Docket No. 111, at 5.  Plaintiff Christine Johnson, however, is not an attorney and, as such,

22  may not represent anyone other than herself in the instant case.  "It is well established that the privilege to

23  represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties

24  or entities. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)*; citing McShane v. United States,*

25  366 F.2d 286, 288 (9th Cir.1966) (citation omitted).

26        This Court has already warned Plaintiff Christine Johnson that she may represent only herself in this

27  case.  Docket No. 7, at 1.  The other Plaintiffs in this case must either represent themselves or file a notice

28  of counsel who will represent them if they intend to remain in the case.  Continued violation of the Order

1   that Plaintiff Christine Johnson may not represent anyone other than herself - and most certainly may not

2   hold herself out as attorney for others - may result in sanctions.

3   **B.    Joinder to Scheduling Order**

4        Plaintiff Christine Johnson and Defendant Bernstein ask for joinder with the prior scheduling order

5   entered by the Court, at Docket No. 20.[1]  Docket No. 111.  Defendant Ikeda asks for joinder with Plaintiff

6   Christine Johnson and Defendant Bernstein's joinder.  Docket No. 112.  However, only one Plaintiff and

7   two Defendants filed joinders to the proposed joint discovery plan, leaving other Plaintiffs and Defendants

8   in this case who have never entered into a proposed joint discovery plan.

9   **C.    Stay of Discovery**

10       Within their joinder, Plaintiff Christine Johnson and Defendant Bernstein propose that initial

11  disclosures should be made 14 days after the Court rules on Defendant's pending motion to quash and

12  motion to dismiss.  Docket No. 111, at 2.  Plaintiff Christine Johnson and Defendant also ask this Court

13  to stay all discovery pending the Court's ruling on Defendant's two pending motions.  *Id*., at 3.  Defendant

14  Ikeda makes the same requests of the Court, asking for a stay until the Court rules on his motion to dismiss

15  and partial joinder to Defendant Sunrise Hospital's motion to dismiss.  Docket No. 112, at 2, 3.  The

16  pendency of a motion to dismiss alone, however, does not in itself stay discovery deadlines.  *See, e.g.,*

17  *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500 (D. Nev. 2013) ("The Federal

18  Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially

19  dispositive motion is pending").  *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D 597, 600 (D. Nev. 2011) (same).

20  "It is well-established that a party seeking a stay of discovery carries the heavy burden of making a strong

21  showing why discovery should be stayed."  *Tradebay*, 278 F.R.D. at 601.  "A showing that discovery may

22  involve some inconvenience and expense does not establish good cause for issuance of a stay."  *Id*.

23  Conclusory statements regarding the benefit of a stay are plainly insufficient.  *Id*. at 601-02.  In order to

24

25       [1]

26       The Court extended the dates in the scheduling order (Docket No. 20) on February 6, 2014.  Docket
    No. 36.  No party makes any mention of this extension, however, or whether they intend to include the
27  extension in their request for joinder.

28                                                              2

meet this requirement, the movant must, as a threshold matter, establish that the "pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought." *Id*. Here, Plaintiff Christine Johnson and Defendants Bernstein and Ikeda have failed to make the required showing for the Court to grant a stay of discovery, and parties cannot unilaterally delay discovery without Court approval. *See* LR 6-1 and LR 7-1. If any of the Plaintiffs and/or Defendants wish to delay or extend deadlines, they must seek a stay of discovery citing the correct standards, or a deadline extension from the Court.

Accordingly, having reviewed and considered the matter and for good cause appearing therefore,

**IT IS ORDERED:**

1.     The joinders (Docket Nos. 111 and 112) are **DENIED**.

2.     All Plaintiffs in this case and all Defendants who are not subject to the scheduling order (Docket No. 20) and extension (Docket No. 36) must submit a joint proposed discovery plan no later than June 9, 2014.

3.     Plaintiff Christine Johnson and Defendant Bernstein and Ikeda's proposed stay of discovery, pending a ruling on Defendant Bernstein's motion to quash and motion to dismiss and Defendant Ikeda's motion to dismiss and partial joinder to Defendant Sunrise Hospital's motion to dismiss, is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED this 2nd day of June, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge