1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

11  SCOTT JOHNSON, et al.,                    )
12                           Plaintiffs,      )      Case No. 2:13-cv-00641-MMD-NJK
                                              )
13  vs.                                       )      ORDER DENYING PROPOSED
                                              )      DISCOVERY PLAN AND
14                                            )      SCHEDULING ORDER
                                              )      (Docket No. 116)
15  JONATHAN BERNSTEIN, et al.,               )
                                              )
16                           Defendants.      )
                                              )
17  _____)

18          Pending before the Court is the parties' Proposed Discovery Plan and Scheduling Order

19  (DPSO).  Docket No. 116.  For the reasons described below, the proposed DPSO is hereby **DENIED**

20  without prejudice.

21          Local Rule 26-1(e) establishes 180 days as the presumptive discovery period, "measured from

22  the date the first defendant answers[.]"  The Local Rules also instruct that, if

23          longer deadlines are sought, the plan shall state on its face "SPECIAL
            SCHEDULING REVIEW REQUESTED."  Plans requesting special scheduling
24          review shall include, in addition to the information required by Fed. R. Civ. P. 26(f)
            and LR 26-1(e), a statement of the reasons why longer or different time periods
25          should apply to the case[.]

26          Local Rule 26-1(d).

27          Even though the parties request a discovery period in excess of 180 days, Docket No. 116, at 4,

28  the proposed DPSO does not state on its face "SPECIAL SCHEDULING REVIEW REQUESTED."

1  *See id.*, at 1.[1]  Moreover, the parties provide no reasons in support of their request for a discovery period

2  in excess of 180 days.  *See id.*  The parties also fail to properly measure the discovery period as required

3  by Local Rule 26-1(e), having proposed nine months of discovery with a cutoff date of March 6, 2015,

4  apparently calculated using June 6, 2014, as the initial measuring date.  Docket No. 116, at 4.  The

5  parties provide no reason why they would calculate from June 6, 2014.

6      Finally, in its Order of June 2, 2014, the Court ordered that all "Plaintiffs in this case ... must

7  submit a joint proposed discovery plan[.]"  Docket No. 114, at 3.  Despite this clear instruction, only

8  *pro se* Plaintiff Christine R. Johnson signed the parties' proposed DPSO.  *See* Docket No. 116, at 5.  In

9  its Order of June 2, 2014, the Court cautioned Plaintiff Christine R. Johnson that she "is not an attorney

10  and, as such, may not represent anyone other than herself in the instant case."  Docket No. 114, at 1.

11  The additional Plaintiffs must therefore join in the submission of any proposed DPSO, and affix their

12  signatures thereto.

13      The Court hereby **ORDERS** all Plaintiffs in this case and all Defendants who are not subject to

14  the scheduling order (Docket No. 20) and extension (Docket No. 36) to submit a joint proposed

15  Discovery Plan and Scheduling Order in full compliance with the Federal Rules of Civil Procedure and

16  the Local Rules of this Court, no later than June 17, 2014.

17      IT IS SO ORDERED.

18      DATED this 10th day of June, 2014.

19

20

21  _____

22  NANCY J. KOPPE
    United States Magistrate Judge

23

24  [1]
    In addition, Local Rule 26-1(e)(7) requires that all "discovery plans shall include on the last page

25  thereof the words 'IT IS SO ORDERED' with a date and signature block for the judge in the manner set
forth in LR 6-2."  The parties did not comply with this rule in their proposed DPSO.  *See* Docket No.

26  116, at 6.  The parties also attach an "Affirmation Pursuant to NRS 239B.030," a document that is not

27  required by either the Federal Rules of Civil Procedure or the Local Rules of this Court.  *See id.*, at 9.

28  2