UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT JOHNSON, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>JONATHAN BERNSTEIN, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:13-cv-00641-MMD-NJK<br><br>ORDER |

On June 20, 2014, the Court issued an order for the Plaintiffs to show cause related to their failure to timely file a joint proposed discovery plan. Docket No. 127. The Court has reviewed *pro se* Plaintiff Christine Johnson's Response, Docket No. 128, and concurrently issues this day an order discharging the order to show cause. The Court observes, however, that Plaintiff Christine Johnson's Response contains language[1] which appears to run counter to the Court's previous warnings[2] that she may not represent any other plaintiffs in this matter.

The general rule establishing the right of an individual to represent oneself in all federal courts of the United States is contained in 28 U.S.C. § 1654. Section 1654 is intended to provide individuals with equal access to the courts by permitting individuals to represent themselves. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). It is well established, however, "that the privilege to represent oneself

---

[1] *See* Docket No. 128, at 9 ("The court has ruled that Plaintiff must represent themselves as a *pro se* litigant, however, fails to recognize that Chad Johnson is in fact a minor"), and 17 ("The Plaintiff begs of the Court to find in favor of the Plaintiffs").

[2] *See* Docket Nos. 7, 114.

*pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities." *Id.*, citing *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). Thus, although a person may represent himself or herself, a non-lawyer may not represent others. Plaintiff Christine Johnson is not permitted to engage in the unauthorized practice of law by purporting to represent or acting on behalf of Plaintiff Scott Johnson, Plaintiff Chad Johnson, or anyone else. *See Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 596 (D. Nev. 2011), *citing Taub v. Weber*, 366 F.3d 966, 970 (9th Cir. 2004) (applying Oregon law on authorized practice of law) and *In re Discipline of Lerner*, 197 P.3d 1067, 1069-70, 1072-73 (Nev. 2008) (what constitutes unauthorized practice of law under Nevada law). Additionally, Plaintiff Christine Johnson cannot represent her minor child. *See Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997) ("a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer").

Plaintiff Christine Johnson is **ORDERED** to comply with the Court's instructions that she does not and cannot represent the other Plaintiffs in this case. Plaintiff Scott Johnson must either represent himself or file a notice of counsel who will represent him if he intends to remain in the case. Plaintiff Chad Johnson may not continue in this case without an attorney representing him. Continued violation of the order that Plaintiff Christine Johnson may not represent anyone other than herself - and most certainly may not hold herself out as attorney for others - may result in sanctions.

No later than July 28, 2014, Plaintiff Scott Johnson must file either a notice with this Court indicating that he intends to represent himself, or a notice of appearance on his behalf by an attorney. No later than July 28, 2014, a notice of appearance by an attorney must be filed on behalf of Plaintiff Chad Johnson. Failure to comply with this order will result in a recommendation of dismissal to the district judge for any Plaintiff who fails to comply.

IT IS SO ORDERED.

DATED: July 11, 2014.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE