UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SCOTT JOHNSON, et al., | ) |
| Plaintiff(s), | ) Case No. 2:13-cv-00641-RFB-NJK |
| vs. | ) ORDER & NOTICE REGARDING |
| JONATHAN BERNSTEIN, et al., | ) EX PARTE COMMUNICATIONS |
| Defendant(s). | ) |

### I. Notice Regarding *Ex Parte* Communications

On November 6, 2014, the Court received a telephone call from counsel for Defendant Dignity Health inquiring about the status of its motion to stay or continue discovery deadlines filed on November 4, 2014, including when the Court would rule on its motion. Docket No. 144. Counsel and their staff are prohibited from making *ex parte* communications with the Court. *See, e.g.*, Local Rule 7-6(a). As such, all counsel, along with their staff, shall refrain from calling chambers. The Court further reminds the parties and counsel that they must abide by all local rules and court orders, and that failure to do so may result in sanctions. *See, e.g.*, Local Rule IA 4-1.

### II. Motion to Stay

Defendant states that the deadlines to amend parties and for initial expert disclosures is November 13, 2014,[1] and that "it is unclear whether experts should be retained." Docket No. 144, at 7-8. As such, Defendant requests a stay until the resolution of Defendant Jonathan Bernstein's motion to dismiss. Docket No. 73.

---

[1] Defendant filed its motion only nine days before this deadline.

1  Defendant Dignity Health's motion to stay, however, is premised on a motion to dismiss
2  brought by a different defendant. Docket No. 73. Defendant Dignity Health did not join Defendant
3  Jonathan Bernstein's motion. *See* Docket. Thus, Defendant Jonathan Bernstein's motion to dismiss
4  cannot serve as a basis for staying discovery against Defendant Dignity Health. *C.C. Mexicano.U.S.*
5  *LLC v. Aero II Aviation, Inc.*, 2014 U.S. Dist. LEXIS 97925, at * 4 (D. Nev. July 18, 2014) (denying
6  motion to stay discovery against one defendant where the motion to dismiss was filed by another
7  defendant).[2] Accordingly, Defendant's motion to stay is **DENIED**.

8  **III.     Motion to Continue Discovery Deadlines**

9  Defendant's motion to continue discovery violates the local rules. First, Local Rule 26-4
10 states that motions to extend any date set by the discovery plan must "be supported by a showing of
11 good cause for the extension." "Good cause" to extend a deadline exists "if it cannot reasonably be
12 met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations,*
13 *Inc.*, 975 F.2d 604, 609 (9th Cir. 2000). It is clear that the parties have not diligently conducted
14 discovery. According to the motion, the only discovery completed to date is Defendants' initial
15 disclosure. Docket No. 144, at 7. Parties may not self-impose a stay of discovery absent a court
16 order. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The Federal Rules
17 of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially
18 dispositive motion is pending").

19 Second, Local Rule 26-4 states that motions "to extend a deadline set forth in a discovery
20 plan shall be received by the Court no later than twenty-one (21) days before the expiration of the
21 subject deadline." Here, the deadlines to amend parties and for initial expert disclosures is
22 November 13, 2014, which will expire in less than twenty-one days. *Id.*, at 8. When a party fails
23 to timely request an extension of the deadlines subject to their request, they must establish excusable

---

[2] The undersigned Magistrate Judge's Report and Recommendation on Defendant Jonathan Bernstein's motion to dismiss was issued on July 30, 2014. Docket No. 133. Thus, Defendant waited over three months to file the pending motion to stay and provided no explanation for the delay. Accordingly, the Court finds that the approaching deadlines are an emergency of Defendant's own making. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) ("[I]t must be established that the moving party is without fault in creating the crisis that requires [emergency] relief, or that the crisis occurred as a result of excusable neglect.").

neglect for the extension sought. *See e.g.*, Local Rule 26-4. Defendant fails to address (let alone establish) excusable neglect in the pending motion with respect to the above deadlines.

### IV.   Conclusion

Based on the foregoing,

Defendant Dignity Health's motion to stay (Docket No. 144) is hereby **DENIED**.

The Court hereby **ORDERS** the parties to meet and confer, regarding each party's position on the pending motion to continue discovery deadlines (Docket No. 144). The Court further **ORDERS** that counsel for Defendant Dignity Health shall file a notice of all the parties' positions on the pending motion to continue discovery deadlines no later than 5:00 p.m. on November 12, 2014.

IT IS SO ORDERED.

DATED: November 7, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge