# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

CHRISTINE JOHNSON,

　　　　Plaintiff,

v.

JONATHAN BERNSTEIN, *et al*,

　　　　Defendants.

Case 2:13-cv-00641-RFB-NJK

**OPINION & ORDER**

Defendants' Motions for Summary Judgment

(ECF Nos. 375, 377, 379, and 380)

## I.　INTRODUCTION

Before the Court is Defendant St. Rose Dominican Hospital's Motion for Summary Judgment (ECF No. 375), Defendant Jonathan Bernstein's Motion for Summary Judgment (ECF No. 377), Defendants Bernstein, Ltd., Annette Logan, and Jeremy Logan's Motion for Summary Judgment (ECF No. 379), and Defendant Alan Ikeda's Motion for Summary Judgment (ECF No. 380). For the reasons discussed below, the Motions for Summary Judgment are granted.

## II.　BACKGROUND

This cases arises out of the treatment of the Plaintiff's minor son, Derek Bryce Johnson, for acute lymphoblastic leukemia (ALL). Plaintiff alleges that each of the Defendants provided negligent medical treatment to Derek, leading to his wrongful death and/or shortening his life expectancy, and causing the negligent infliction of emotional distress to the Plaintiff by making

her watch her son suffer unnecessarily. The Defendants do not deny that they provided the decedent with medical treatment, but dispute the claims that they were negligent, that they caused the decedent's wrongful death, that they shortened the decedent's life expectancy, and that they caused the decedent to suffer unnecessarily. Specifically, Plaintiff alleges and the Court has permitted causes of action for: (a) medical malpractice/negligence and (b) negligent infliction of emotional distress.

Plaintiff filed the Complaint in this case on April 16, 2013. (ECF No. 1). The Complaint did not include an expert medical affidavit as required by NRS §41A.071. Defendants filed several motions to dismiss based on lack of an expert medical affidavit, lack of jurisdiction, and lack of *res ipsa loquitur*. (ECF Nos. 174, 176, 178, 210, and 220). On January 27, 2016, this Court held a hearing in which it granted the motions to dismiss the *res ipsa loquitur* claims and granted Plaintiff leave to amend the Complaint to file an expert medical affidavit. (ECF No. 272). Plaintiff filed the most recent Amended Complaint on February 10, 2016, which is the operative pleading here. (ECF No. 274). It includes an expert medical affidavit. On March 14, 2017, this Court held a status conference in which it reopened discovery for seventy-five days. Plaintiff was ordered to produce a notice of expert disclosure and testimony, CVs, and expert reports within thirty days. (ECF No. 351). At the close of this limited discovery period, Defendants timely filed their Motions for Summary Judgment. (ECF Nos. 375, 377, 379, 380). Plaintiff filed a Response to all Motions for Summary Judgment on August 6, 2017. (ECF No. 393). Defendant St. Rose Dominican Hospital replied on August 18, 2017. (ECF No. 395). Defendant Jonathan Bernstein replied on August 18, 2017. (ECF No. 396). Defendants Bernstein, Ltd., Annette Logan, and Jeremy Logan replied on August 18, 2017. (ECF No. 397). Defendant Alan Ikeda replied on August 20, 2017. (ECF No. 398). The Court held a hearing in this matter on January 26, 2018 and took the Motions for Summary Judgment under submission.

### III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. Johnson v. Poway Unified Sch. Dist., 658 F.3d 954, 960 (9th Cir. 2011).

Where the party seeking summary judgment does not have the ultimate burden of persuasion at trial, it "has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). "In order to carry its [initial] burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Id. If the movant has carried its initial burden, "the nonmoving party must produce evidence to support its claim or defense." Id. at 1103. In doing so, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). However, the ultimate burden of persuasion on a motion for summary judgment rests with the moving party, who must convince the court that no genuine issue of material fact exists. Nissan Fire, 210 F.3d at 1102.

**IV. ANALYSIS**

   **A. Medical Malpractice Claims**

      **1. Legal Standard**

To prevail on her medical malpractice claims against the various Defendants, Plaintiff must establish the following: (1) that the healthcare provider's conduct departed from the accepted standard of medical care or practice; (2) that the healthcare provider's conduct was both the actual and proximate cause of the plaintiff's injury; and (3) that the plaintiff suffered damages. Prabhu v.

Levine, 930 P.2d 103, 107 (Nev. 1996) (citing Perez v. Las Vegas Medical Center, 805 P.2d 589, 590-591 (Nev. 1991)). NRS §41A.100(1) provides the standard for proving medical malpractice in Nevada:

> Liability for personal injury or death is not imposed upon any provider of health care based on alleged negligence in the performance of that care unless evidence consisting of expert medical testimony, material from recognized medical texts or treatises or the regulations of the licensed medical facility wherein the alleged negligence occurred is presented to demonstrate the alleged deviation from the accepted standard of care in the specific circumstances of the case and to prove causation of the alleged personal injury or death[.]
>
> Id.

The statute further provides, "Expert medical testimony provided pursuant to subsection 1 may only be given by a provider of health care who practices or has practiced in an area that is substantially similar to the type of practice engaged in at the time of the alleged negligence." NRS §41A.100(2).

The Nevada Supreme Court has interpreted this standard to mean that "[a]s a general rule, a plaintiff must use expert testimony to establish medical malpractice." Jain v. McFarland, 851 P.2d 450, 456 (Nev. 1993). The determination of the competency of an expert witness is within the discretion of the trial court. Freeman v. Davidson, 768 P.2d 885, 887 (Nev. 1989). However, any expert testimony regarding standard of care and causation must be stated "to a reasonable degree of medical probability." Morsicato v. Sav-On Drug Stores, Inc., 111 P.3d 1112, 1116 (Nev. 2005). The Nevada Supreme Court has held that "a nurse can testify regarding matters within his or her specialized area of practice, but not as to medical causation unless he or she has obtained the requisite knowledge, skill, experience, or training to identify cause." Williams v. Eighth Judicial Dist. Court of Nev., 262 P.3d 360, 362 (Nev. 2011).

**2. Discussion**

Defendants' Motions for Summary Judgment are based primarily on the argument that Plaintiff cannot prove her case because her only expert witness is unqualified as a matter of law to

testify to the necessary elements of standard of care and causation. On April 13, 2017, Plaintiff designated experts Christine Grimes, BSN, RN, RNCoOB, Tiffany Fischer, MSN, RN, and Gina Maldonado, Medical Assistant/Medical Biller, to support her claims. On May 9, 2017, Plaintiff withdrew Gina Maldonado as an expert. On June 30, 2017, Plaintiff withdrew Tiffany Fischer as an expert. Christine Grimes is now Plaintiff's only remaining expert witness. Grimes was deposed on May 26, 2017, with the Plaintiff and counsel for all Defendants present. (ECF No. 375, Ex. C).

Upon reviewing Grimes' expert reports and deposition transcript, the Court finds as a matter of law and undisputed fact that she is not qualified to testify as to standard of care and causation in this case. The Court finds the following facts to be undisputed. Grimes is a registered nurse in Virginia and has never been licensed in any other state. She never attended medical school and has never published any publications in nursing or medical literature. She has no experience or medical training in oncology, has never worked with cancer patients on a regular basis as a nurse, and has never administered or assisted in administering chemotherapy or related cancer treatment. Although Grimes pointed out several places where medical records appeared to be incomplete or documentation was improperly maintained, subjects that she is potentially qualified to testify to, she cannot identify any specific harm to the decedent beyond mere speculation. Grimes does not have the requisite training or experience to testify regarding relevant issues in this case to a reasonable degree of medical probability as required by Nevada law. Morsicato, 111 P.3d at 1116.

Plaintiff's claims for medical malpractice/negligence against the various defendants must therefore fail as a matter of law, because Grimes does not have the requisite knowledge, skill, experience, or training to testify to standard of care or causation related to the treatment of the decedent in this case. Williams, 262 P.3d at 362. Plaintiff's medical malpractice claims may only proceed based upon possible competent medical expert testimony. Based on the undisputed facts in this case, Grimes is not qualified as an expert under Nevada law for all of the reasons noted. Plaintiff's medical malpractice claims are dismissed.

**B. Negligent Infliction of Emotional Distress Claims**

Plaintiff also cannot prove her claims for negligent infliction of emotional distress (NIED)

for similar reasons. Plaintiff alleges that the Defendants' misdiagnoses and mistreatment of her son's ALL caused her to watch her son suffer needlessly, inflicting emotional distress upon her. "For a plaintiff to recover for emotional distress caused by witnessing harm to another the plaintiff must prove the defendant's negligent conduct was the proximate cause of the harm to the victim. State v. Eaton, 710 P.2d 1370, 1376 (Nev. 1985). In order to establish NIED in this case, Plaintiff would need to prove that the Defendants breached the standard of care and proximately caused the harm to her son that she witnessed. Plaintiff's expert does not as a matter of law have the expertise to testify as to any harm that may have befallen the Plaintiff's son prior to his passing. Even if there was inadequate or substandard treatment of Plaintiff's son, an expert qualified in the appropriate field of medicine would need to testify as to how this alleged substandard or negligent treatment caused the Plaintiff's son to suffer. As Plaintiff has no expert qualified to testify to these issues, the Court must grant summary judgment to the Defendants on the NIED claims as well.

### V. CONCLUSION

IT IS THEREFORE ORDERED that the Motions for Summary Judgment (ECF Nos. 375, 377, 379, 380) are GRANTED. The Clerk of Court shall enter judgment accordingly for ALL remaining defendants.

IT IS FURTHER ORDERED that all other outstanding motions are DENIED as moot.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case.

DATED this 1st day of February, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**